J-S22014-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ARTAVIUS WHITE COLEMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEROY A. DUNCAN, AND ERIC ARHIN | : | No. 2489 EDA 2025 |

Appeal from the Order Entered September 3, 2025
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 240102722

BEFORE: PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.:         **FILED AUGUST 12, 2026**

Artavius White Coleman appeals from the order of the Court of Common Pleas of Philadelphia County sustaining Leroy A. Ducon's[1] preliminary objections for improper service and lack of personal jurisdiction and dismissing White Coleman's complaint against Ducon and Eric Arhin (collectively, "Appellees") with prejudice. White Coleman argues that the statute of limitations period was tolled because he made good faith efforts to serve Appellees. After careful review, we affirm.

The trial court thoroughly detailed the relevant factual and procedural history.

> On January 24, 2024, Plaintiff Artavius White Coleman initiated
> this action against Defendant Leroy Ducon (incorrectly identified

---

[1] In the below quote, the trial court states Appellee's last name is "Ducon" not "Duncan." However, because the trial court caption identified Appellee as "Duncan," we continue to use that spelling in the caption.

as "Leroy A. Duncan") and Defendant Eric Arhin. The complaint alleges that Mr. Ducon rear-ended Mr. Arhin's vehicle. Mr. White Coleman was a passenger in the rear seat of Mr. Arhin's vehicle. Mr. White Coleman alleges he suffered injuries to his neck and back. The accident occurred on January 24, 2022. Mr. White Coleman filed the Complaint on the last day before the expiration of the two-year statute of limitations.

Mr. White Coleman failed to serve either of the defendants within 30 days of filing the complaint. Mr. White Coleman reinstated the complaint on three occasions: February 27, 2024, November 12, 2024, and March 7, 2025. There are no other reinstatements (or any other docket activity) on the docket between February 27, 2024[,] and November 12, 2024.

On March 18, 2024, the Delaware County Sheriff attempted to serve Mr. Arhin, but was unsuccessful. Counsel for Mr. White Coleman did not file anything on the docket related to this attempt until December 2, 2024, and that filing itself is inaccurate. The actual document is an Affidavit of Non-Service, but counsel for Mr. White Coleman filed the document as an Affidavit of Service. Mr. Arhin, though counsel, filed Preliminary Objections on December 5, 2024, arguing that Mr. Arhin had never actually been served. [The trial court] sustained the Preliminary Objections and struck the December 2, 2024 Affidavit of Service as to Mr. Arhin.

On November 21, 2024, Mr. White Coleman apparently attempted to serve Mr. Ducon through a process server, but that service attempt was unsuccessful. Mr. White Coleman never filed the Affidavit of Non-Service on the docket, and instead waited to attach the affidavit to his answer to Mr. Ducon's preliminary objections, discussed [*infra*], which Mr. White Coleman filed on August 12, 2025.

On March 25, 2025, counsel for Mr. White Coleman filed an Affidavit of Service indicating that personal service had been perfected on Mr. Ducon on March 19, 2025 through Mr. Ducon's employer, the School District of Philadelphia. On July 21, 2025, Mr. White Coleman filed an Affidavit of Service reflecting personal service upon Mr. Arhin on July 17, 2025 in Delaware County, Pennsylvania, except that the service was not effectuated by the Delaware County Sheriff [in violation of Pennsylvania Rule of Civil Procedure 400(a)]. Mr. Arhin has not participated in this action since his counsel filed Preliminary Objections in December 2024.

On June 3, 2025, Mr. Ducon filed his Preliminary Objections raising improper service. Mr. White Coleman filed an Amended Complaint on June 20, 2025, rendering the preliminary objections moot. On July 23, 2025, Mr. Ducon filed Preliminary Objections to the Amended Complaint, again raising improper service. [On August 12, 2025, White Coleman filed an answer to Ducon's preliminary objections, with an accompanying memorandum of law. On August 26, 2025, Ducon filed a reply to White Coleman's answer.] On September 3, 2025, [the trial court] sustained the Preliminary Objections and dismissed the Amended Complaint with prejudice on the basis that the claims are barred by statute of limitations due to the fact that plaintiff failed to make a good faith effort to effectuate service upon either defendant.

Trial Court Opinion, 12/19/25, at 1-3.

White Coleman timely appealed. Both White Coleman and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925. *See* Pa.R.A.P. 1925(a)-(b).

White Coleman raises the following issues for our review.

1. Whether the trial court erred and abused its [discretion] in dismissing the matter with prejudice for failure to make a good faith effort for service while ignoring evidence that both defendants had been served and good faith efforts to serve them were included in the answer to the preliminary objections and memorandum of law.

2. Whether the trial court erred in sustaining the preliminary objection to good faith effort of service that was waived for failure to timely file objections.

3. Whether the trial court erred and abused its discretion in dismissing the entire case with prejudice when only one of the defendants filed preliminary objections.

4. Whether the trial court erred and abused its discretion in dismissing the matter with prejudice and denying the opportunity to have an evidentiary hearing.

Appellant's Brief, at 6 (unnecessary capitalization omitted).

"We review an order sustaining [preliminary objections] to service of process and dismissing an action pursuant to a *de novo* standard of review and plenary scope of review." **Harris v. Couttien**, 261 A.3d 527, 529 (Pa. Super. 2021) (citation omitted). "This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion." **Godlove v. Humes**, 303 A.3d 477, 481 (Pa. Super. 2023). "When sustaining the preliminary objections will result in the denial of claim or a dismissal of suit, the preliminary objections may be sustained only where the case is free and clear of doubt." **Id.** (citation omitted).

In his first issue, White Coleman argues that Pennsylvania Rule of Civil Procedure 401(b) permits repetitive reinstatement of a complaint when service is not made within the initial 30-day filing period, and the subsequent reinstatements tolled the statute of limitations. **See** Appellant's Brief, at 11-15. He argues that there is no rigid time requirement for seeking reinstatement of the complaint and that he is only required to take reasonable steps to locate the defendants. **See id.** at 12-13. Further, he argues that actual notice and substantial compliance with procedural rules for service are sufficient and here he made good faith efforts to serve the complaint and Appellees received actual notice and hired counsel. **See id.** at 13. He claims that the trial court erred in finding that he did not make a good faith effort

because the record indicated that he made multiple attempts to serve Appellees. *See id.* at 14-15. Ducon and Arhin argue that the record clearly establishes that White Coleman failed to make a good faith effort to serve his complaint because his first attempt to serve the complaint, which was unsuccessful, was not until months after the statute of limitations period had expired. *See* Ducon's Brief, at 12-30; Arhin's Brief, at 11-28.

"Original process shall be served within the Commonwealth within 30 days after the issuance of the writ or the filing of the complaint." Pa.R.C.P. 401(a). "A writ may be reissued or a complaint reinstated at any time and any number of times." Pa.R.C.P. 401(b)(2). The commencement of an action by filing a complaint tolls the statute of limitations. *See Ferraro v. Patterson-Erie Corp.*, 313 A.3d 987, 999 (Pa. 2024). Of course, the complaint must still be served on the defendants. "Whereas the statute of limitations, with its predominant aim to prevent stale claims, is tolled by commencement of an action by complaint or writ, service of this original process is a necessary prerequisite to investing a court with personal jurisdiction over the defendant." *Id.* (internal quotation marks and citation omitted). "Validity of service is essential, and failure to perfect service is fatal to a lawsuit." *Id.*

"Once an action is commenced by writ of summons or complaint the statute of limitations is tolled only if the plaintiff then makes a good faith effort to effectuate service." *Englert v. Fazio Mech. Servs., Inc.*, 932 A.2d 122, 124 (Pa. Super. 2007) (citation omitted). This principle was first elucidated in

*Lamp v. Heyman*, 366 A.2d 882 (Pa. 1976), and is referred to as the "*Lamp*

rule." Regarding good faith:

> It is not necessary that the plaintiff's conduct be such that it constitutes some bad faith act or overt attempt to delay before the rule of *Lamp* will apply. Simple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient to bring the rule in *Lamp* to bear. Thus, conduct that is unintentional that works to delay the defendant's notice of the action may constitute a lack of good faith on the part of the plaintiff.

*Id.* at 124-25 (brackets and citation omitted).

Notably, "[t]he mere filing of a writ or complaint without additional

affirmative action to effectuate timely service of process in compliance with

the applicable rules of court and local practice does not constitute good faith

efforts under *Lamp,* [] and is insufficient to preserve the claims for the

equivalent period." *Devine v. Hutt*, 863 A.2d 1160, 1168 (Pa. Super. 2004)

(internal quotation marks and citation omitted).

The trial court explained White Coleman's lack of good faith for

effectuating service.

> Mr. White Coleman failed to make a good faith effort to [serve] either defendant. With respect to Mr. Ducon, Mr. White Coleman's failure to take any action to attempt to serve his complaint between January 24, 2024, and November 21, 2024 (the date of the non-service on Mr. Ducon) is fatal. **Even after Mr. White Coleman unsuccessfully attempted to serve Mr. Ducon on November 21, 2024, he then waited an additional 4 months to actually serve Mr. Ducon [through Ducon's employer]**. The docket does not reflect any other documented efforts by Mr. White Coleman to serve Mr. Ducon between January 24, 2024 and March 19, 2025.

As for Mr. Arhin, Mr. White Coleman attempted, through the Delaware County Sheriff, to serve [him] in March 2024, but that service attempt was unsuccessful as reflected in the Delaware County Sheriff[']s Affidavit of Non-Service (which Mr. White Coleman did not file until December 2, 2024). Mr. White Coleman's next attempted service upon Mr. Arhin, according to the docket, was not until July 2025, when Mr. White Coleman improperly served Mr. Arhin in Delaware County (that is, not through the Delaware County Sheriff). In sum, **[White Coleman] made a single attempt to serve Mr. Arhin in March 2024 and when that was unsuccessful, [he] did not attempt to serve Mr. Arhin again until July 2025**.

The purpose of the *Lamp* tolling rule is to prohibit this exact scenario: for a plaintiff to effectively retain exclusive control over a claim without notifying a defendant of the action against them. Mr. White Coleman has not provided any explanation whatsoever for the lengthy lapses in time between his attempts to serve. On appeal, Mr. White Coleman cites the affidavit of non-service upon Mr. Ducon from November 21, 2024 as evidence of his good faith. This argument is unavailing. The affidavit from November 21, 2024 reflects a first attempt to serve Mr. Ducon over nine months after Mr. White Coleman initiated the action.[FN1] Simply stated, this delay, in the absence of a credible explanation, does not support tolling the statute of limitations. Moreover, Mr. White Coleman does not provide any explanation for the delays with respect to Mr. Arhin (assuming *arguendo* that the service upon Mr. Arhin in July 2025 was proper). Thus, Mr. White Coleman's unexcused delay justified the dismissal of his claims.

> FN1: The affidavit referenced by Mr. White Coleman has never actually been filed on the docket — rather it was attached as an exhibit to Mr. White Coleman's answer to Mr. Ducon's preliminary objections to the Amended Complaint.

Trial Court Opinion, 12/19/25, at 4-5 (emphasis added).

We discern no abuse of discretion. The instant case is analogous to

***Green v. Farole***, 335 A.3d 771 (Pa. Super. 2025). There, on the final day of

the two-year statute of limitations period, the plaintiff filed a medical

malpractice complaint and forwarded the complaint to the sheriff's office for service on that date. *Id.* at 773. The plaintiff's next action was filing a *praecipe* to reinstate the complaint six weeks later. *Id.* A month after the complaint was reinstated, the sheriff's office informed the plaintiff that the complaint was never served because of errors in the submission. *Id.* That same day, the plaintiff filed another *praecipe* to reinstate the complaint and engaged a private process server who served the defendants a few days later. *Id.* The plaintiff never effectuated service by sheriff as required by Pennsylvania Rule of Civil Procedure 400(a). *Id.* The trial court sustained the defendants' preliminary objections for improper service and dismissed the complaint with prejudice. *Id.* at 774. This Court affirmed. We summarized that the plaintiff failed to demonstrate good faith efforts because "[h]e waited until the last day of the limitations period to file the complaint, then waited more the two months after the expiration of the statute—without making any inquiries to the sheriff's office—to engage a private process server." *Id.* at 776.

As in **Green**, White Coleman waited until the last day of the limitations period to file his complaint and then first attempted to serve the complaint months later after the limitations period, and that attempted service was unsuccessful. "One effort at service prior to the expiration of the statute [of limitations] and no further effort for . . . months afterward was 'the opposite of diligence.'" *Id.* at 775 (quoting **Ferraro**, 313 A.3d at 1010). Therefore, his first issue does not merit relief.

White Coleman's remaining arguments amount to procedural challenges to the trial court's ruling. None of his arguments are persuasive.

Next, he argues that Ducon's preliminary objections were untimely and therefore, Ducon waived challenging the service of process and personal jurisdiction. **See** Appellant's Brief, at 16. He argues that a challenge to the service of process is treated as an issue related to service, not the statute of limitations, and therefore, challenging service is waived if not raised in a timely filed preliminary objection. **See id.** at 16-17. He argues that Ducon waived his objections because he "waited nearly 90 days to file his objections[.]" **Id.** at 17. Ducon argues that his preliminary objections were not untimely because the purported March 19, 2025, service of the amended complaint was improper since White Coleman served the amended complaint at an office of Ducon's employer. **See** Ducon's Brief, at 31-35. Additionally, Ducon argues that he did not forfeit his right to raise his preliminary objections because he did not bypass his opportunity to raise preliminary objections by filing other pleadings. **See id.** at 35-38.

Pennsylvania Rule of Civil Procedure 1026(a) states that "every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading[.]" Pa.R.C.P. 1026(a). "This rule is not mandatory but permissive. We have held that late pleadings may be filed if the opposite party is not prejudiced and justice requires. Much must be left to the discretion of the lower court." **Liberty Mut. Ins. Co. v. Domtar Paper Co.**, 77 A.3d 1282,

1285 (Pa. Super. 2013) (citation omitted). "Therefore, our review is limited to determining whether or not the trial court abused its discretion[.]" *Gale v. Mercy Cath. Med. Ctr. Eastwick, Inc., Fitzgerald Mercy Div.*, 698 A.2d 647, 649 (Pa. Super. 1997) (citation omitted).

We discern no abuse of discretion. "The prejudice necessary to support Plaintiffs' contention must be such prejudice as flows from the fact that the allegations are offered late rather than on time, and not such prejudice as results from the fact that the opponent may lose the case on the merits if the pleading is allowed." *Ambrose v. Cross Creek Condominiums*, 602 A.2d 864, 868 (Pa. Super. 1992) (emphasis and citations omitted). Here, White Coleman has failed to explain how he was prejudiced by Ducon's purportedly untimely preliminary objections. Therefore, the trial court did not abuse its discretion in considering Ducon's preliminary objections.[2]

In his third issue, White Coleman argues that the trial court erred in dismissing the action against Arhin because only Ducon filed preliminary objections. *See* Appellant's Brief, at 18-20. Arhin argues that dismissal as to him was also appropriate because he was never properly served in the first place and therefore, had no obligation or deadline within which to file preliminary objections, White Coleman's lack of good faith efforts to serve him

---

[2] Because we discern no abuse of discretion with the trial court considering Ducon's preliminary objections, for the purposes of the timeliness of Ducon's preliminary objections, we need not consider whether White Coleman properly served Ducon in March 2025.

was apparent from the record, and he inevitably would have been entitled to relief by properly pleading a statute of limitations defense via new matter. **See** Arhin Brief, at 28-32.

We must find that White Coleman's argument does not entitle him to relief. As explained, White Coleman did not make a good faith effort to serve the complaint. Therefore, the statute of limitations was not tolled and has since expired. Arhin could raise this defense in a new matter and motion for judgment on the pleadings. **See Ferraro**, 313 A.3d at 990. In doing so, he would undoubtedly be entitled to relief and dismissal of the complaint. "We need not waste judicial resources with a remand where the law compels a particular outcome." **Hangey v. Husqvarna Professional Prods., Inc.**, 304 A.3d 1120, 1149 n.25 (Pa. 2023). Therefore, this argument fails.

Lastly, White Coleman argues that the trial court erred in sustaining the preliminary objections and dismissing the complaint with prejudice without holding an evidentiary hearing. **See** Appellant's Brief, at 20-23. He vaguely asserts that under notions of "procedural due process" a hearing was required and that factual disputes existed that required a hearing before dismissal with prejudice. **See id.** at 21-22. Notably, he never specifies or details the supposed *factual* disputes in the instant case. **See id.** at 22-23.

As previously explained, White Coleman's lack of good faith in serving the complaint is apparent on the face of the record. The record demonstrated that he filed his complaint on the final day of the statute of limitations period

and, at best, he first attempted to serve Arhin and Ducon two and eight months later, respectively, but these attempts were unsuccessful. He then did not attempt to serve Ducon and Arhin until March and July of 2025, respectively. Based on these facts, the lack of good faith efforts was apparent on the record. Therefore, we discern no error with the trial court sustaining the preliminary objections and dismissing the complaint with prejudice without holding an evidentiary hearing.

For the foregoing reasons, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/12/2026